On Rehearing.
Per Curiam.
His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
In its application for rehearing defendant says: “The judgment complained of by the La Salle Realty Company included a decree in favor of intervenor and condemns the La Salle Realty Company to pay the costs of intervention, *173 and this judgment has been rendered without the intervention having been put at issue. ’ ’
Opinion and decree, March 13th, 1916.
Writ denied, April 25th, 1916.
In our original opinion we said “It is contended that the intervention was never put at issue by answer or default, and hence no valid judgment could be rendered herein. This is a false conclusion. Plaintiff had a right to proceed with his case regardless of the status of the intervention. C. P., 391, 105 La., 149. Moreover, as the intervenor in this case presents no issue which is not already presented by the petition (except that of a half interest in the property with plaintiff, of which the latter does not complain) the status of the intervention is wholly immaterial for the purposes of this case; the only question involved being whether defendant is entitled to dispossess plaintiff of the property in controversy.”
The above extract shows that we thought the judgment in favor of the intervenor concerned the plaintiff alone and not defendant; hence our refusal to interfere with it. Accordingly defendant should have been taxed with the costs of the intervention. But this may be corrected without a formal rehearing. In other respects we think our decree correct.
It is therefore ordered that our former decree be .amended so as to read as follows: judgment affirmed, defendant to pay costs of appeal and the costs of the lower Court except the costs of intervention, which are to be borne by plaintiff. And with this amendment a rehearing is refused.
Rehearing refused.